IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VALERIE GONZALES,**

    **Plaintiff,**

v.                              Case No. 10-CV-538 JC

**JMS COMPANY, LTD.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff's Motion to Remand* (Doc. 5), filed June 3, 2010 ("Motion"). Having reviewed the parties' submissions and the relevant law, the Court will DENY the Motion as explained below.

**I.    BACKGROUND**

Plaintiff Valerie Gonzales is a healthcare worker who claims that she contracted Hepatitis C from one of her patients due to a malfunctioning "WingEater Safety AV Fistula Needle Set," which was manufactured by Defendant's wholly owned subsidiary. *Notice of Removal, Ex. A* (Doc. 1-1) at ¶¶ 2-7. Her Complaint was filed in New Mexico's Fourth Judicial District Court on February 24, 2009. *Id.* Plaintiff's Complaint does not allege damages in any particular amount. *Id.* She requests "medical and medically related expenses, pain and suffering, emotional distress, and loss of enjoyment of life as a result of being positive for Hepatitis C." *Id.* at ¶ 7.

Defendant does not dispute Plaintiff's contention that it was properly served on November 13, 2009. *Motion* at 2; *see generally Resp.* Nor does Defendant dispute Plaintiff's assertions as to its activities in state court—namely, that Defendant filed an Answer on

December 28, 2009 and a Motion to Dismiss that was denied on April 1, 2010. *Id.* After receiving discovery responses confirming Plaintiff's intent to seek damages in excess of $75,000 on May 26, 2010, Defendant removed the case to this Court on June 2, 2010. *See Notice of Removal* (Doc. 1).

## II. LEGAL STANDARD

This Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of a state within the United States and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). "[T]he burden is on the removing party to establish, by a preponderance of the evidence, that the jurisdictional amount requirement has been met." *Hanna v. Miller*, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001). While the amount in controversy is usually determined by the Complaint or by allegations in the notice of removal, but the Court may also look to other documents in the record. *Id.*

## III. DISCUSSION

In *Hanna v. Miller*, this Court found sufficient evidence that the plaintiff sought at least $75,000 in damages based on allegations of "*severe* injuries" leading to "permanent impairment." *Id.* at 1306. That case involved a serious traffic accident that had caused the deaths of five other individuals. *Id.* Although the Court is aware that there is no cure for Hepatitis C, the present case does not involve allegations of severe injury as in *Hanna*. Until Plaintiff's interrogatory responses were received, Defendant could not have "intelligently ascertain[ed]" whether the jurisdictional amount was met. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) ("the key to determining the date from which the clock begins to run is when the defendant is able to 'intelligently ascertain removability'" (quotation omitted)). Had Defendant sought to remove the case before receiving confirmation of the jurisdictional amount

in Plaintiff's discovery responses, the Court likely would not have accepted jurisdiction. *See, e.g., Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (remanding case for failure to establish jurisdictional amount).

Plaintiff argues that Defendant should have made an earlier effort to determine the removability of this case, perhaps before filing a motion to dismiss in state court. *Pl.'s Reply in Support of Motion to Remand* (Doc. 9), filed June 28, 2010 ("Reply"). But the Tenth Circuit has rejected any "duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (expressly disagreeing with cases from other jurisdictions that impose such a duty). It is true that some courts have recognized a waiver of the right to remove where (1) the Defendant takes action in state court that manifests an intent to litigate on the merits in state court or (2) removal can be characterized as an appeal from an adverse judgment in state court. *See, e.g., Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39 (M.D.Ala. 1996) (collecting cases). But the Tenth Circuit has found such cases inapposite where the defendant's actions in state court occur before it becomes unequivocally apparent that the case is removable. *Akin*, 156 F.3d at 1036. Here, Defendant filed its Motion to Dismiss on January 14, 2010, several months before Plaintiff's discovery responses established the jurisdictional amount on May 26, 2010. The case is therefore properly before the Court.

IV. **CONCLUSION**

For the forgoing reasons, federal removal jurisdiction exists, and Plaintiff's Motion to Remand (Doc. 5) is not well-taken and is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3

Counsel for Plaintiff:

James P. Lyle, Esq.
Albuquerque, NM

Nancy A. Richards, Esq.
Las Vegas, NM

Counsel for Defendant:

Jeffrey M. Croasdell, Esq.
Wade L. Jackson, Esq.
Albuquerque, NM