## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

VALERIE GONZALES,

            Plaintiff,

vs.                                            NO. 10-CV-538 JEC/RHS

JMS COMPANY, LTD.,

            Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant JMS Company, LTD's Motion to Dismiss, filed June 30, 2010 (Doc. 10)("Motion").  The primary issues are (i) whether the Court may exercise personal jurisdiction over this Defendant and, if so, (ii) whether Plaintiff's claims are barred by the statute of limitations.  Having considered the Motion, the parties' submissions, and the governing authority, the Court finds the Motion well-taken and it will be granted.

I.    <u>Background</u>

Plaintiff Valerie Gonzales is a healthcare worker who contracted Hepatitis C and alleges it was the result of a malfunctioning "WingEater Safety AV Fistula Needle Set" manufactured by Defendant's wholly owned subsidiary, JMS Singapore PTE, Ltd.  Notice of Removal, Ex. A (Complaint for Personal Injury Due to Defective Product) (Doc. 1-1) ("Complaint") ¶¶ 2-7. Plaintiff complains that she was exposed to tainted blood and other bodily fluids on February 22, 2006, when the protective sheathing of the WingEater needle she used on a patient failed to retract properly.  Compl. ¶ 4.  On March 12, 2006, Plaintiff learned she had contracted Hepatitis C and claims the disease resulted from her use of the unreasonably dangerous and defective

WingEater needle on February 22, 2006.  Compl. ¶¶ 6, 8.

Plaintiff filed her Complaint in the State of New Mexico, Fourth Judicial District, County of San Miguel (No. D414-CV-2009-90) on February 24, 2009.  On June 2, 2010, Defendant properly removed the case to this Court under 28 U.S.C. § 1441(a) and (b), invoking the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).  *See* Notice of Removal ¶ 2, 6; Memorandum Opinion and Order, filed October 10, 2010 (Doc. 17)(denying Plaintiff's Motion to Remand, filed June 3, 2010 (Doc. 5)).  On June 6, 2010, Defendant filed the present Motion under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), asserting that (i) the Court lacks personal jurisdiction over it, and (ii) Plaintiff's claims are barred by the three-year statute of limitations governing product liability claims in New Mexico.  Motion at 1.

## II.    Legal Standards

Where, as here, a case is in federal court on subject matter jurisdiction based on diversity of citizenship, the plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant.  *Soma Medical Intern v. Standard Chartered Bank*, 196 F.3d 1292 (10th Cir. 1999).  "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004)(internal quotations omitted).

The forum state's law applies in federal diversity actions to determine if personal jurisdiction exists.  *See Beardsley v. Farmland Co-Op, Inc.*, 530 F.3d 1309, 1313 (10th Cir. 2008)(citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  New Mexico's long-arm statute is coextensive with the 14th Amendment's Due Process Clause; where jurisdiction is permitted under the Due Process Clause, it is also authorized by the long-arm statute.  *See Trujillo v.*

*Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *Tercero v. Roman Catholic Diocese of Norwich*,

132 N.M. 312, 316 (2002).  The New Mexico long-arm statute provides in pertinent part:

> A.    Any person, whether or not a citizen or resident of this state, who in person
> or through an agent does any of the acts enumerated in this subsection
> thereby submits himself or his personal representative to the jurisdiction of
> the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state;
>
> . . . .
>
> (3) the commission of a tortious act within this state;
>
> . . . .
>
> C.    Only causes of action arising from acts enumerated in this section may be
> asserted against a defendant in an action in which jurisdiction is based upon
> this section.

NMSA (1978), § 38-1-16.

The Due Process analysis for personal jurisdiction is twofold.  The first inquiry is

"whether the defendant has such minimum contacts with the forum state 'that he should

reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of*

*Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1980)).  Next, if the defendant has minimum

contacts within the forum state, the court must determine "whether the exercise of personal

jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'"

*OMI Holdings*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Calif.*, 480

U.S. 102, 105, 107 S. Ct. 1026 (1987) (plurality opinion)).

The statute of limitations for products liability cases in New Mexico is three years.

NMSA 1978, § 37-1-8.  New Mexico also recognizes the "discovery rule" in personal injury

3

cases, meaning the statute of limitations does not begin to run until a plaintiff knew, or reasonably should have known, that the cause of her injuries was due to her use of an allegedly defective product.  *See Roberts v. Southwest Community Health Servs.*, 114 N.M. 248, 255-56, 837 P.2d 442, 449-50 (1992)( "the [rational behind the discovery rule] . . . is applicable in cases in which the injury does not necessarily manifest itself at the time of the negligent act"), *Martinez v. Showa Denko, K.K.*1998 NMCA 111, ¶ 19 ("where an individual has been injured by an unsafe or defective product and the resulting injury does not immediately manifest itself, the three-year statute of limitations prescribed in NMSA 1978, § 37-1-8 (1976), commences when a plaintiff knows, or reasonably should know through diligent inquiry, that he or she has been injured.").

III.   **Discussion**

   A.   **Personal Jurisdiction**

   It is undisputed that the WingEater needle that penetrated Plaintiff's skin was actually manufactured by non-Defendant JMS Singapore PTE, Ltd.  *See* Compl. ¶ 2, Motion at 1. Defendants assert that Defendant JMS Company, Ltd. played "no role in manufacturing the needle at issue,"  Motion at 1, Ex. A ("Morikawa Affidavit"[1]) ¶ 8, and Plaintiff offers virtually no factual support for her belief otherwise.  Defendant also avers that Defendant JMS Company, Ltd. is a Japanese corporation that conducts no business in New Mexico and has no presence whatsoever in New Mexico or elsewhere in the United States.  Morikawa Affidavit ¶¶ 3-12, Mot. at 4.

   Plaintiff believes that the product at issue "is a 'JMS' product. . . [and] the fact that the

---

   [1]Shigemi Morikawa is both the Director and the Sales and Marketing Division Supervising Manager of JMS Co., Ltd.  Morikawa Affidavit ¶ 2.

product was manufactured by a wholly owned subsidiary of the Japanese parent is irrelevant."
Response at 1.  In New Mexico, however, "[a] foreign parent corporation is not subject to the
jurisdiction of the forum state merely because of its ownership of the shares of a subsidiary
doing business in the state," *Smith v. Haliburton Co.*, 118 N.M. 179, 182, 879 P.2d 1198, 1201
(Ct. Ap.. 1994), even in the case of a wholly owned subsidiary.  *Alto Eldorado P'ship v. Amrep
Corp.*, 2005-NMCA-131, ¶ 33, 138 N.M. 607, 124 P.3d 585.   Plaintiff states that "Plaintiff
intends to prove that the flimsy corporate shield the Defendant wishes to use to ward off all
liability from it as parent corporation should be pierced."  *Id.*  Moreover, Plaintiff "will prove it
was Defendant, not its Singapore puppet corporation, which placed this defective product into
the stream of commerce in the United States."  *Id.* at 2.

      Because this case is in the preliminary stages of litigation, Plaintiff's burden is "light,"
such that before trial she "is only required to establish a prima facie showing of [personal]
jurisdiction."  *Doe v. Nat'l Med. Serv.*, 974 F.2d 143, 145 (10th Cir. 1992).  In support of her
argument, Plaintiff presents the question as one necessarily for the jury, referencing New Mexico
Uniform Jury Instruction 13-1411(Supplier as Manufacturer), which provides that a supplier
who permits a product to be sold as its own is subject to the same duties of the actual
manufacturer.  Yet Plaintiff offers no evidentiary support for her belief that this Defendant
supplied the WingEater at issue and her Complaint does not allege that Defendant JMS,
Corporation, Ltd. was in the chain of distribution of the WingEater needle.

      Plaintiff also relies on *Aetna Casualty & Surety Co. v. Bendix Control Division*, 680 P.2d
616 (N.M. App. 1984) for the proposition that "the claim that [a] manufacturer had placed its
products into the stream of commerce was sufficient to satisfy minimum contacts concerns, and
that the issue could not be properly decided in the context of a motion to dismiss."  Resp. at 7.

The relevant issue in *Bendix* was whether "an unverified motion to dismiss not supported by affidavits, or other sworn testimony[,] is a proper challenge to plaintiff's [equally unsupported] allegations of jurisdictional facts." *Id.* at 620. The *Bendix* court found that the defendant's motion and legal arguments, without more, were insufficient to negate the plaintiff's prima facie allegations of jurisdictional facts as set forth in the complaint.

Here, the Defendant has produced the Affidavit of Shigemi Morikawa in support of its Motion, distinguishing itself from the defendant in *Bendix* by submitting factual support for its contention that the Court lacks personal jurisdiction. Plaintiff bears the burden of establishing a prima facie showing that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) Plaintiff may carry this burden "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)(internal quotation marks omitted). Plaintiff attached samples of Defendant's internet advertisements to her and "in discovery, intends to prove" that Defendant also advertises in trade and professional journals in New Mexico.

Plaintiff also argues that personal jurisdiction over Defendant is present based upon the actions of its parent corporation, JMS Singapore, Ltd. "Only under special circumstances will the courts disregard the corporate entity to pierce the corporate veil [to hold] . . . a parent corporation liable [for the acts of a subsidiary]. This is done where the corporation was set up for fraudulent purposes or where to recognize the corporation would result in injustice." *Cruttenden v. Mantura*, 97 N.M. 432, 434, 640 P.2d 932, 934 (1982)(citing *Scott Graphics v. Mahoney*, 89 N.M. 208, 211, 549 P.2d 623, 626 (Ct. App. 1976). Here, Plaintiff has not alleged

that JMS Company, Ltd. was established for fraudulent purposes or set forth any basis beyond her own subjective belief that failing to hold JMS Company, Ltd. liable for acts of JMS Singapore PTE, Ltd. would result in injustice.

  **B.**  **Statute of Limitations**

  If there were sufficient basis to exercise personal jurisdiction over Defendant JMS Company Ltd., Plaintiff's claims would not be barred by the statute of limitations.  Defendant contends Plaintiff's injury was the needle poke on February 22, 2006, and that, where Plaintiff filed her Complaint on February 24, 2009, she missed the governing three-year statute of limitations for product liability claims in New Mexico.  Motion at 7 (citing NMSA 1978, §37-1-8).  Plaintiff, on the other hand, considers that she did not suffer injury for purposes of claim accrual until March 12, 2006, the day she received a positive blood test result for the Hepatitis C virus, rendering her claims timely.  Response at 2-4.

  At what point in time the plaintiff knew or, in exercising reasonable diligence, should have known, of the injury and its cause, is a question of fact.  *Roberts v. Southwest Community Health Servs.*, 114 N.M. at 257.  Here, Plaintiff submits an affidavit from John Baca, MD, stating in pertinent part that, "it takes from 3 weeks to 6 months before standard blood tests can reveal if the virus has infiltrated the needlestick victim in sufficient amount and virilence [sic] to pass on the disease and infect the victim," and "[a]pproximately 1.8% to 7% of needlestick victims will ultimately develop hepatitis C infection."  Plaintiff asserts that prior to receiving the diagnosis, her needle prick "injury" would not have been actionable and the injury for which she seeks recovery could not have been ascertained on February 22, 2006.

  Defendant contends that when Plaintiff was exposed to blood and bodily fluid on February 22, 2006, she had an actionable claim and the claim accrued then.  Reply at 8 (citing

*Madrid v. Lincoln County Medical center*, 122 N.M. 269, 923 P.2d 1154 (1996)).  Alternatively, Defendants argue that if the discovery rule is applied, Plaintiff should still reasonably have discovered her injury on February 22, 2006.  *Id.* (citing *Martinez v. Showa Denko*, *KK*, 964 P.2d 176 (N.M. App. 1998).

In *Martinez*, the plaintiff was symptomatic before she became aware of the cause.  The court found that the plaintiff had failed demonstrate that diligent investigation into the cause of her symptoms would not have revealed that the medication she had been taking was causing adverse symptoms.  *See Martinez v. Showa Denko, KK*, 964 P.2d 176.  Here, by contrast, Plaintiff admits to knowing of possible exposure to disease on February 22, 2006, but was asymptomatic at the time of exposure.  Plaintiff has provided the Affidavit of Dr. Baca, indicating that it takes weeks or months to learn whether she was infected with Hepatitis C, and that a relatively small percentage of individuals stuck with needles will contract the disease.  Accordingly, Plaintiff has sufficiently demonstrated that diligent inquiry could not have revealed her Hepatitis C contamination on February 22, 2006 and her claim is not time-barred.

## IV.    <u>Conclusion</u>

In summary, Plaintiff has failed to carry her burden to establish that Defendant JMS Corporation, Ltd. had sufficient minimum contacts with New Mexico to support of a prima facie case for personal jurisdiction at the early stage of litigation.  Accordingly, the Court lacks personal jurisdiction over the Defendant and Plaintiff's claims must be dismissed. WHEREFORE,

**IT IS ORDERED** that Defendant JMS Company, LTD's Motion to Dismiss, filed June 30, 2010 (Doc. 10) is **GRANTED** and Plaintiff's claims are dismissed in their entirety without prejudice.

8

Dated March 31, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    James P. Lyle, Esq.
    Albuquerque, New Mexico

    Nancy A. Richards, Esq.
    Las Vegas, New Mexico

Counsel for Defendant:

    Jeffrey M. Croasdell, Esq.
    Wade L. Jackson, Esq.
    Albuquerque, New Mexico