# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VALERIE GONZALES,

       Plaintiff,

vs.                                                                                                                   NO. 10-CV-538 JEC/RHS

JMS COMPANY, LTD.,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, filed April 22, 2011 (Doc. 27)("Motion"). Having considered the Motion, Defendant's Response (Doc. 28), and the governing authority, the Court will deny the Motion.

**I.**    **Background**

A comprehensive factual background is set forth in the Court's prior memoranda opinions and orders and does not bear repeating in its entirety here. *See* Docs. 17, 26. The following operative facts are largely undisputed.

Plaintiff filed her Complaint in state court on February 24, 2009, naming JMS Company, Ltd. as the sole Defendant, while identifying non-defendant parent corporation "JMS Singapore PTE, Ltd." as the manufacturer of the product she claims caused her injury. Complaint ¶ 2. Plaintiff served Defendant with her Complaint on November 9, 2009, but chose not to serve permissible discovery requests at that time. *See* Rule 1-033 NMRA.

On January 15, 2010, Defendant moved the state court to dismiss Plaintiff's Complaint

for lack of personal jurisdiction and violation of the governing statute of limitations, placing Plaintiff on notice that personal jurisdiction was challenged and providing an affidavit in support of its jurisdictional argument. Plaintiff served no discovery on Defendant in January, 2010, though in her response to Defendant's motion to dismiss, she asserted that discovery would reveal a connection between JMS and the product at issue. Following a hearing on April 1, 2010, the state court evidently determined that Plaintiff should be permitted to conduct limited discovery before Defendant would be entitled to dismissal. *See* Response at 2.

In furtherance of its statute of limitations defense, Defendant served discovery requests on Plaintiff on May 6, 2010. At the end of May, 2010, Plaintiff served Defendant with her first set of discovery requests. Upon reviewing Plaintiff's responses to its requests, Defendant for the first time identified a basis for removal, and properly removed the case to this Court on June 2, 2010.

Following removal, pursuant to D.N.M.LR-Civ. 26.4(a), the parties could not conduct discovery until after the meet and confer process governed by Fed.R.Civ.P. 26(f). Before that process had begun, Plaintiff moved to remand the case. The Magistrate Judge issued a discovery order requiring the parties to meet and confer before August 26, 2010. On August 27, 2010, Plaintiff filed an Unopposed Motion to Stay Deadlines until after the Court had ruled on her Motion to Remand. The Magistrate Judge granted the stay on August 31, 2010. Doc. 16. The Court entered its Memorandum Opinion and Order (Doc. 17) denying Plaintiff's Motion to Remand on October 7, 2010. Accordingly, discovery was stayed from August 31 through October 7, 2010. On February 8, 2011, the Magistrate Judge issued a new scheduling order providing that discovery would commence and be completed by July 26, 2011 and stating, *inter alia*, that "[t]he pendency of dispositive motions shall not stay discovery." Amended Scheduling

Order (Doc. 25) ¶ 1.

Plaintiff had neither served new discovery requests, nor requested that Defendant respond to the discovery requests she had served in state court, when the Court entered its Memorandum Opinion and Order granting Defendant's Motion to Dismiss on the grounds that the Court lacked personal jurisdiction over JMS Company, Ltd. *See* Doc. 26. Having determined that Plaintiff had ample opportunity to conduct discovery relevant to personal jurisdiction, and that Plaintiff had actual notice of the jurisdictional challenged as of January 15, 2010, the Court reached the merits of the challenge and found no factual basis existed to support exercising personal jurisdiction over Defendant JMS Company, Ltd.

Plaintiff presently moves the Court to reconsider its dismissal of her claims without prejudice for lack of jurisdiction, asserting that the ruling "was premature in light of the fact that Plaintiff had not had a full opportunity to conduct the discovery needed to present [] evidence [supporting jurisdiction]." Motion at 2.

## II.     Legal Standard

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Where a motion requests reconsideration of a final decision upon which final judgment has been entered, it will typically arise in one of two ways: (1) under Fed. R. Civ. P. 59 as a motion for a new trial or to alter or amend the judgment, if filed before or within 28 days following entry of the judgment; or (2) under Fed. R. Civ. P. 60 as a motion for relief from judgment, if filed subsequent to the 28 day period. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Here, the Motion to Reconsider was indeed filed within "28 days after the entry of the judgment" as required by Fed.

R. Civ. P. 59(e).[1]  Accordingly, the Court will construe the Motion as a Rule 59(e) motion to alter or amend judgment.  *See Van Skiver*, 952 F.2d at 1243 (motion to reconsider filed within Rule 59(e) time limit should be construed as a Rule 59(e) motion).

A Rule 59(e) motion should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

### III.  Discussion

The gist of Plaintiff's Motion is that she is entitled to more time to conduct discovery than she has already had, so that she might uncover a basis for the Court to exercise personal jurisdiction over this Defendant.  Implicit in the Court's ruling when granting Defendant's Motion to Dismiss, however, was its determination that Plaintiff had not availed herself of the discovery process in state or federal court, despite having ample opportunity to do so.

Notwithstanding Plaintiff's current representation to the contrary, this case was not stayed pending resolution of Defendant's Motion to Dismiss in this Court.  *See* Motion at 1 (erroneously stating, absent any reference to the record, that "[a]ll of the deadlines in this case were stayed last August until the Court had an opportunity to rule on the defendant's Motion to Dismiss"). [2]  The only stay that was ever in place in this Court was at Plaintiff's own request,

---

[1] The Court acknowledges its oversight in that the Final Judgment was not entered contemporaneously with the March 31, 2011 Memorandum Opinion and Order (Doc. 26) ("MOO") dismissing this case without prejudice.  Instead, the Final Judgment (Doc. 29) was entered on May 19, 2011.  Nonetheless, the present Motion was filed within 28 days of its actual entry, which would also be true had the judgment been entered on the same day as the MOO.

[2] In fact, for Plaintiff to have agreed to staying discovery pending resolution of the Motion to Dismiss would contradict the argument she has advanced since January 2010 – that

pending resolution of Plaintiff's Motion to Remand.  As Defendant points out, "Plaintiff cannot be heard to complain about not getting discovery when she affirmatively sought the Court's order to stay discovery."  Response at 4.  Instead, having considered the nature and timing of the procedural events in this case, the Court determined that the Motion to Dismiss was ripe for ruling.

## IV.    Conclusion

In summary, Plaintiff has identified no clear error or manifest injustice, newly discovered evidence, or recent change in the law warranting reconsideration of the Court's dismissal of her claims without prejudice for lack of personal jurisdiction over Defendant.  Accordingly, the Court's Memorandum Opinion and Order (Doc. 26) will stand.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, filed April 22, 2011 (Doc. 27) is **DENIED.**

Dated June 17, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

she needed discovery responses to effectively respond to Defendant's motions to dismiss.